Kenneth S. Roosa
Cooke Roosa, LLC
3700 Jewel Lake Road
Anchorage, Alaska 99502
Phone: (907) 276-2744
Fax: (907) 276-2746
Attorneys for Plaintiff

Ken@CookeRoosa.com



RECEIVED
SEP 11 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| XAVIER PETE, | Case No. 3:07-cv-00185 JWS |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Xavier Pete, by and through counsel of record, Cooke Roosa, LLC hereby claims and alleges as follows:

1. Plaintiff is a resident of Nome, Alaska.

2. This suit is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

3. Notice of this claim as required by 28 U.S.C. § 2675 was given on October 31, 2006.

4. Defendant has not rendered a final decision and more than six months have elapsed since plaintiff submitted the administrative claim.

5. The Norton Sound Regional Hospital (Norton Sound) is operated by the Norton Sound Regional Health Corporation (NSRHC) in Nome, Alaska. The NSRHC is a compacting entity of the Indian Health Service (IHS). Health care providers at the Norton Sound Hospital are employees of the United States for purposes of liability under the FTCA if they are employees of the NSRHC acting within the scope of their employment and are carrying out the compact with the IHS at the time of the act which gives rise to the complaint.

6. At all times pertinent to this complaint, the employees of the NSRHC who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out the NSRHC's compact with the IHS.

7. On or about April 25, 2005, Xavier Pete went to the Norton Sound Hospital complaining of abdominal pain. A test of his stool for blood was done and was guaiac positive, indicating the possibility of occult blood being present in his colon. Despite the positive guaiac test, no follow up was ordered and no further tests were done to determine the reason for the positive fecal blood test results. Mr. Pete was not told of the finding of blood in his stool, and was not advised of the availability, risks, or benefits of follow-up diagnostic procedures.

8. On or about December 30, 2005, Xavier Pete again presented to Norton

Sound Hospital, this time complaining of constipation, abdominal pain, and streaks of blood in his stool. On exam he was negative for occult blood. He was not treated for his complaints of abdominal pain and no follow up care was recommended or provided for the streaks of blood in his stool. Again Mr. Pete was not advised of the availability, risks, or benefits of follow-up diagnostic procedures.

9. On or about January 24, 2006, Xavier Pete went back to the Norton Sound Hospital complaining of again of constipation and blood in his stools. An occult blood test on his stool was positive. He asked that he be given a colon cancer test. Instead, he was treated with antibiotics for prostatitis, and was told to follow-up with urology. No action was taken on his abdominal complaints, his request for colonoscopy or the finding of blood in his stool specimen.

10. On or about July 8, 2006, Xavier Pete was evaluated for weakness, weight loss and prostate complaints. He was found to have an enlarged liver and ultrasound showed metastatic spread of his colon cancer to his liver. In addition, he had iron deficiency anemia, and abnormal liver chemistries. He was determined to have Stage IV colon cancer. He was sent to Anchorage to the Alaska Native Medical Center and on August 3, 2006, a diverting colostomy was performed.

11. Despite his excellent response to the chemotherapy he was given, his cancer cannot be cured and will likely cause his death within the next year.

12. Medical personnel at the NSRHC acted negligently, including but not limited to, failure to take appropriate steps to diagnose and treat Mr. Pete's colon cancer. NSRHC physicians and other medical care providers also failed to inform Mr. Pete of the blood in

his stool and failed to inform him of the significance of that blood, and failed to advise him of the availability, risks, and benefits of additional diagnostic procedures.

13. As a direct and proximate result of the negligence of the defendant as described above, the plaintiff has sustained past and future injury, economic and non-economic damages and losses, including, but not limited to, the following: physical pain and suffering; mental anguish and emotional distress; embarrassment; inconvenience; medical costs and related transportation, lodging and other expenses; loss of wages, loss of services; loss of consortium, loss of economic opportunities; and loss of subsistence opportunities. All of the foregoing caused the plaintiff to suffer damages in excess of $75,000.00, the exact amount to be determined at trial.

WHEREFORE, the plaintiff prays for relief as follows:

1. An amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to determined at trial;

2. For costs, and other and further relief as this court deems just and equitable.

DATED at Anchorage, Alaska this ___10th___ day of September, 2007.

        COOKE ROOSA, LLC
        Attorneys for Plaintiff Xavier Pete

By: _____
    Kenneth S. Roosa